**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MAGISTRATE JUDGE _____

PATTY DELOREAN,

Plaintiff

05  11332 NMG

Civil Action No.

v.

SOUTH SHORE YMCA, INC.,
Defendant.

_____/

RECEIPT # _____ /5201
AMOUNT $250
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY CLK _____
6/24/05

## **COMPLAINT AND JURY DEMAND**

### Preliminary Statement

1.   Plaintiff alleges that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, and Massachusetts General Laws ("MGL"), Chapter 151, Sec. 1A, 1B and 19(1) by not paying wages and overtime to the plaintiff and by discharging the plaintiff in retaliation for complaining to U.S. Department of Labor concerning the defendant's pay practices.

Plaintiff seeks reinstatement in employment with back wages, unpaid overtime, liquidated damages, treble damages, damages for emotional distress, interest, costs and attorney's fees.

### Jurisdiction

2.   This action arises under the FLSA, 29 U.S.C. Sec. 201 *et seq.* and M.G.L. Chapter 149, Section 150 and Chapter151, Sections 1A and 1B.

3.   Federal question jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1331.

1

4.   A private right of action is provided by 29 U.S.C. Sec. 216(b) and M.G.L. Chapter 149, Section 150 and M.G.L. Chapter 151, Sections 1B.

## Venue

5.   This action lies in the District of Massachusetts where the events giving rise to these claims occurred pursuant to 28 U.S.C. Sec. 1391(b).

## Parties

6.   Plaintiff, Patty DeLorean ("DeLorean"), is an adult female who resides in Duxbury, Plymouth County, Massachusetts.

7.   Defendant, South Shore YMCA, Inc. (the "YMCA") is a corporation with a principal office at 79 Coddington Street, Quincy, Norfolk County, Massachusetts.

## Facts

8.   At all times material to this action, the YMCA was an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

9.   At all times material to this action, the YMCA was an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales or business was not less than $500,000.

10.   DeLorean was employed by the YMCA from August 2003 until June 20, 2004 as a tennis instructor at the YMCA facility at Mill Pond in Hanover, Plymouth County, Massachusetts.

11.   DeLorean was paid an hourly wage rate of $30.00 by YMCA.

12.   At all times during her employment, DeLorean was a non-exempt

2

employee eligible to receive overtime pay under the FLSA

13. During her employment, DeLorean worked in excess of 40 hours in various work weeks, but was not paid overtime (one and one-half times the regular hourly rate) by the YMCA for hours she worked in excess of 40 per week.

14. On June 1, 2004, DeLorean contacted the office of the U.S. Department of Labor, Wage & Hour Division in Taunton, Massachusetts and spoke with Richard F. Daley, Assistant District Director to complain about the pay practices of the YMCA.

15. On June 3, 2004, DeLorean delivered to Mark Free ("Free"), defendant's Associate Executive Director, a letter from her attorney, Kevin B. Callanan, a copy of which is attached as Exhibit A.

16. On June 19, 2004, Free handed a letter to DeLorean at work terminating her employment effective June 20, 2004. A copy of Free's letter is attached as Exhibit B.

17. The YMCA failed to pay DeLorean her wages for teaching tennis clinics during the last two weeks' of her employment.

### COUNT I

(*Violation of the FLSA, 29 U.S.C. 216, Overtime Pay*)

18. DeLorean hereby incorporates, as if re-alleged, paragraphs 1 through 17 above.

19. By failing to pay overtime to DeLorean for hours she worked in excess of 40 per week, the YMCA violated the FLSA.

3

20.  The YMCA willfully and repeatedly violated the FLSA by failing to pay overtime to DeLorean for each work week in which she worked in excess of 40 hours.

## COUNT II

(*Violation of the FLSA, 29 U.S.C. 215 (a)(3), Retaliation*)

21.  DeLorean hereby incorporates, as if re-alleged, paragraphs 1 through 20 above.

22.  By discharging DeLorean from employment in retaliation for contacting the U.S. Department of Labor, Wage & Hour Division, the YMCA violated the FLSA.

## COUNT III

(*Violation of MGL, Chapter 149, Section 150 – Non Payment of Wages*)

23.  DeLorean hereby incorporates, as if re-alleged, paragraphs 12 through 22 above.

24.  By failing to pay DeLorean her wages for teaching tennis clinics during the last two weeks' of her employment, the YMCA violated MGL, Chapter 149, Section 150.

## COUNT IV

(*Violation of MGL, Chapter 151, Sections 1A and 1B – Overtime Pay*)

25.  DeLorean hereby incorporates, as if re-alleged, paragraphs 12 through 24 above.

26.  By failing to pay DeLorean time and one-half the regular rate

4

of pay hours she worked in excess of 40 hours in various work weeks during the period from August 2003 to June 20, 2004, the YMCA violated MGL, Chapter 151, Section 1A.

27. The YMCA willfully and repeatedly violated MGL, Chapter 151, Section 1A by failing to pay overtime pay to DeLorean for each work week in which she worked in excess of 40 hours.

28. Pursuant to MGL, Chapter 151, Section 1B, the YMCA is liable to DeLorean for three times the full amount of unpaid wages due her, plus her costs and reasonable attorney's fees incurred in this action.

## COUNT V

*(Violation of MGL, Chapter 151, Section 19(1) – Retaliation)*

29. DeLorean hereby incorporates, as if re-alleged, paragraphs 1 through 28 above.

30. The YMCA engaged in retaliation in violation of MGL., Chapter 151, Section 19(1) by discharging DeLorean for employment on June 20, 2004 because she contacted the U.S. Department of Labor to complain about pay practices at the YMCA.

## Prayer For Relief

31. Wherefore, Plaintiff prays that this Court:

(a) declare that the YMCA has violated the FLSA and MGL, Chapter 151, Sections 1A, 1B and 19(1);

5

(b)   award the plaintiff back wages, including overtime, with interest;

(c)   award the plaintiff liquidated and treble damages;

(d)   award the plaintiff damages for emotional distress;

(e)   order the YMCA to reinstate the plaintiff in employment;

(f)    award the plaintiff her costs and attorney's fees

(g)   grant such other relief as the Court may deem proper.


## Jury Demand

32.  Plaintiff demands a jury to try all claims triable by a jury.


Respectfully submitted,

PATTY DELOREAN

By her attorney,

Kevin B. Callanan, BBO #070620
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, Massachusetts 02061
781-878-1604


Dated:  June 24, 2004

# KEVIN B. CALLANAN

*ATTORNEY AT LAW*

17 ACCORD PARK DRIVE
SUITE 101
NORWELL, MASSACHUSETTS 02061

(781) 878-1604
FAX (781) 878-3154
e-mail: kbcallanan@msn.com

By Hand

June 3, 2004

Mark Free, Associate Executive Director
YMCA at Mill Pond
75 Mill Street
Hanover, MA 02339

Re:    Patty DeLoren

Dear Mr. Free:

Patty DeLoren, a tennis instructor at YMCA at Mill Pond, has consulted me regarding her pay and her working hours.

As you know, Ms. DeLoren has discussed these matters with you on numerous occasions since August 2003 when she began teaching tennis at your facility. You have recently informed Ms. DeLoren that she owes the YMCA approximately $2,243.00 in court fees. She questions this amount and believes she has not been paid properly. Ms. DeLoren has been working in good faith to resolve these issues and has requested copies of her paychecks for review by her accountant. To date, these paychecks have not been provided.

On Tuesday, June 1, 2004, Ms. DeLoren contacted the Wage and Hour Division office of the U.S. Department of Labor in Taunton, MA with questions about her pay and her right to overtime pay. Ms. DeLoren states that she has worked more than 40 hours each week since September 2003, but has not received overtime pay.

You have now informed Ms. DeLoren that if these issues are not resolved by Friday, June 4, 2004, she will no longer be employed at the YMCA. In my view, this threat of termination is unlawful. Any such termination of Ms. DeLoren's employment under these circumstances would be an act of retaliation prohibited by the Fair Labor Standards Act.



EXHIBIT

A

Mr. Mark Free                    Page 2                    June 3, 2004

I trust that you and Ms. DeLoren will be able to continue the effort to resolve these issues by mutual agreement and that her employment with the YMCA will not be interrupted.

If you, or your representative, have any questions about this letter, please contact me.

Very truly yours,

Kevin B. Callanan

cc: Natalie Sheard, Executive Director

Recess 6/19/04 11. am.
by Hand P.D.



We build strong kids,
strong families, strong communities.

Dear Patty:

This letter addresses your employment status at the South Shore YMCA. As you know, your last scheduled Y clinic will be held on Saturday, June 19, 2004. After June 19th, you have no scheduled Y clinics. As you know, Y policy provides that instructors may only rent courts to teach private or semi-private lessons in June, July and August if they are on payroll during that period. Since you have no scheduled Y clinics after June 19th, you will be removed from the Y payroll effective June 20, 2004 and will no longer be eligible to rent courts to teach private or semi-private lessons at the Y.

Sincerely,

Mark Free
Associate Executive Director
South Shore YMCA at Mill Pond





South Shore YMCA at Mill Pond • 75 Mill Street • Hanover, MA 02339
Tel.: 781/829-8585 • FAX: 781/829-8831

YMCA mission: To put Christian principles into practice through programs that build healthy spirit, mind, and body for all.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

DeLorean v. South Shore YMCA, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
|---|---|---|
| X | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 <br> 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, <br> 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, <br> 380, 385, 450, 891. |
| | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, <br> 690, 810, 861-865, 870, 871, 875, 900. |
| | V. | 150, 152, 153. |

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [XX]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES [ ]    NO [XX]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [XX]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [XX]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [XX]    Central Division [ ]    Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Kevin B. Callanan

ADDRESS    17 Accord Park Drive, Ste. 101, Norwell, MA 02061

TELEPHONE NO.    781-878-1604

(CategoryForm.wpd - 5/2/05)

 JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Patty DeLorean

**(b)** County of Residence of First Listed Plaintiff  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 781-878-1604
Kevin B. Callanan BBO #070620
17 Accord Park Dr.,Norwell,MA 02061

## DEFENDANTS

South Shore YMCA, Inc.

County of Residence of First Listed Defendant  Norfolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

617-479-5000
Attorneys (If Known) Michael R.Bertoncini
Murphy,Hesse,Toomey & Lehane
Two Seaport Lane, Boston,MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C 201 et seq. (FLSA)
Brief description of cause:
Non-payment of overtime and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
None
(See instructions): JUDGE                DOCKET NUMBER

DATE
June 24, 2005

SIGNATURE OF ATTORNEY OF RECORD
Kevin B.Callanan

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____