UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11332 NMG

PATTY DELOREAN,

    Plaintiff,

v.

SOUTH SHORE YMCA, INC.

    Defendant.

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM WITH DEMAND FOR TRIAL BY JURY

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted because Defendant South Shore YMCA, Inc. ("Defendant") is not liable to pay Plaintiff Patty DeLorean ("Plaintiff") any amount of damages.

### THIRD DEFENSE

Defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

<u>Preliminary Statement</u>

1. Defendant makes no response to Paragraph 1 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

### Jurisdiction

2. Defendant makes no response to Paragraph 2 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

3. Defendant makes no response to Paragraph 3 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

4. Defendant makes no response to Paragraph 4 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

### Venue

5. Defendant makes no response to Paragraph 5 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

### Parties

6. Defendant makes no response to Paragraph 6 because it has no knowledge of the allegations in Paragraph 6, and can therefore neither admit nor deny the allegations.

7. Defendant admits the allegations in Paragraph 7.

### Facts

8. Defendant makes no response to Paragraph 8 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

9. Defendant makes no response to Paragraph 9 because it does not allege material fact, but

rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

10. Defendant admits the allegations in Paragraph 10, and states by way of further explanation that during the same period of time she performed tennis instruction services as an independent contractor.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant makes no response to Paragraph 12 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 12 except that it admits that it considered Plaintiff to be non-exempt for purposes of the time she worked for Defendant as an employee rather than as an independent contractor.

13. As to the allegations in Paragraph 13, Defendant admits that it did not pay Plaintiff overtime, but denies that it was under any obligation to pay overtime. Defendant makes no response to the remainder of the allegations in Paragraph 13 because they do not allege material fact, but rather state a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant leaves Plaintiff to her proof.

14. Defendant makes no response to Paragraph 14 because it has no knowledge of the allegations in Paragraph 14, and can therefore neither admit nor deny the allegations.

15. Defendant denies the allegations in Paragraph 15 except that it admits that Mark Free is Defendant's Associate Executive Director, and that he did receive the letter attached to Plaintiff's Complaint as Exhibit A.

16. Defendant admits the allegations in Paragraph 16, except that it states that the letter

attached to the Complaint as Exhibit B speaks for itself and therefore Defendant denies any contrary characterization of the contents of that letter.

17. Defendant denies the allegations set forth in Paragraph 17 in the express terms alleged. Responding further, Defendant denies that the Plaintiff had wages due her in the last two weeks of her employment that were not paid to her.

### Count I

18. Defendant hereby incorporates and makes its response to Paragraphs 1-17 its response to Paragraph 18 as if fully set forth herein.

19. Defendant makes no response to Paragraph 19 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 19.

20. Defendant makes no response to Paragraph 20 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 20.

### Count II

21. Defendant hereby incorporates and makes its response to Paragraphs 1-20 its response to Paragraph 21 as if fully set forth herein.

22. Defendant makes no response to Paragraph 22 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 22.

### Count III

23. Defendant hereby incorporates and makes its response to Paragraphs 1-22 its response to Paragraph 23 as if fully set forth herein.

24. Defendant makes no response to Paragraph 24 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 24.

### Count IV

25. Defendant hereby incorporates and makes its response to Paragraphs 1-24 its response to Paragraph 25 as if fully set forth herein.

26. Defendant makes no response to Paragraph 26 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 26.

27. Defendant makes no response to Paragraph 27 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 27.

28. Defendant makes no response to Paragraph 28 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 28.

### Count V

29. Defendant hereby incorporates and makes its response to Paragraphs 1-28 its response to Paragraph 29 as if fully set forth herein.

30. Defendant makes no response to Paragraph 30 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response is required, Defendant denies the allegations in Paragraph 30.

<u>Prayer for Relief</u>

31. Defendant makes no response to Paragraph 31 because it does not allege material facts, but rather states a prayer from Plaintiff to which no response is required.

<u>Jury Demand</u>

32. Defendant makes no response to Paragraph 32 because it does not allege material facts, but rather states a demand from Plaintiff to which no response is required.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff's fraudulent acts, namely falsifying the time on her timesheets from the period September 2003 to June 2004. The discovery of this fraud was one factor in Defendant's decision to terminate Plaintiff's employment.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff has been paid in full by Defendant.

### EIGHTH DEFENSE

Defendant has at all times acted in good faith with reasonable belief that its actions were in compliance with all relevant laws.

## COUNTERCLAIMS

### COUNT I

### (BREACH OF CONTRACT)

1. An agreement existed by and between Plaintiff and Defendant-in-Counterclaim Patty DeLorean ("Ms. DeLorean") and Defendant and Plaintiff-in-Counterclaim South Shore YMCA, Inc. ("South Shore Y") that the South Shore Y would permit Ms. DeLorean to offer private tennis lessons on the South Shore Y's premises and that Ms. DeLorean would pay the South Shore Y a fee for the use of its tennis courts in providing these private tennis lessons.

2. Ms. DeLorean breached the agreement with the South Shore Y by failing to pay in full the court fee she owed the South Shore Y for the use of its tennis courts in connection with the private tennis lessons she taught.

3. As a result of Ms. DeLorean's breach of the above-referenced agreement, the South Shore Y has suffered damages.

### COUNT II

### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

4. The South Shore Y realleges and incorporates paragraphs 1-3 of the Counterclaims as if they were fully stated herein.

5. Through her above-referenced failure to pay the South Shore Y the court fees she owed under the agreement, Ms. DeLorean has injured the rights of the South Shore Y to receive the fruits of this agreement.

6. These above-referenced actions constitute a breach of the covenant of good faith and fair dealing implied in the agreement.

7. The South Shore Y has suffered damages as a result of Ms. DeLorean's breach of the covenant of good faith and fair dealing implied in the agreement.

## COUNT III

### (UNJUST ENRICHMENT)

8. The South Shore Y realleges and incorporates paragraphs 1-7 of the Counterclaims as if they were fully stated herein.

9. Through her wrongful acts, Ms. DeLorean has wrongfully retained monies owed to the South Shore Y. Ms. DeLorean is wrongfully using these monies to her benefit and to the detriment of the South Shore Y.

10. The South Shore Y has and will continue to suffer direct and consequential damages as a result of Ms. DeLorean's wrongful retention of the monies owed to the South Shore Y.

Respectfully submitted,

DEFENDANT SOUTH SHORE YMCA, INC.,

By its attorneys,

*/s/ Michael R. Bertoncini*

Michael R. Bertoncini, BBO#633720
MURPHY, HESSE, TOOMEY & LEHANE, LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Tel:  (617) 479-5000
Fax:  (617) 338-1324

**Certificate of Service**

I, Michael R. Bertoncini, hereby certify that on this 24th day of August, 2005, I caused a true copy of the foregoing document to be served by first class mail, postage prepaid, upon attorney for Plaintiff, Kevin B. Callanan, Law Office of Kevin B. Callanan, 17 Accord Park Drive, Suite 101, Norwell, Massachusetts, 02061.

*/s/ Michael R. Bertoncini*
Michael R. Bertoncini