**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

PATTY DELOREAN,
          Plaintiff,

v.                                                          Civil Action No. 05-11332-NMG

SOUTH SHORE YMCA, INC.,
          Defendant.
_____/

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff, Patty DeLorean ("Plaintiff"), respectfully moves that the Court modify its Scheduling Order by enlarging by 90 days the time allowed to complete discovery.  As grounds, Plaintiff states as follows:

1.  The Scheduling Order provides that discovery be completed by March 9, 2006, unless shortened or enlarged by Order of the Court.

2.  The parties have exchanged automatic required disclosures and written requests for discovery.  In addition, the Defendant has noticed the deposition of the Plaintiff.

3.  As set forth in the attached Affidavit of Attorney Kevin B. Callanan, on November 17, 2005, the Plaintiff was arrested in Florida and has been held in federal custody in California since then.  Plaintiff's counsel first learned of the Plaintiff's arrest and confinement on January 6, 2006.

4.  In January 2006, counsel for both parties agreed to suspend discovery for the time being in view of the Plaintiff's circumstances.

1

5.   On February 14, 2006, the Plaintiff pleaded guilty in U.S. District Court, Los Angeles, California to one count of making a false statement in a passport application.  (Docket No. CR-05-1141-RMT)

6.   Plaintiff is presently being held in the Federal Detention Center in Los Angeles awaiting sentencing and anticipates being released on time-served within the next 90 days.

7.   Upon her release, the Plaintiff will complete her responses to written discovery and will be available for deposition.

8.   Plaintiff submits that this request for an additional time to complete discovery will not prejudice the Defendant in this matter.  No previous request has been made to modify the Scheduling Order.

For these reasons, the Plaintiff moves that the Court extend the deadline for completing discovery to June 9, 2006.  If this motion is granted, Plaintiff respectfully requests: that the referral to mediation take place in July 2006;  that the date for dispositive motions, including motions for summary judgment, be extended to August 9, 2006; and that a final pretrial conference and trial date be scheduled thereafter at the convenience of the Court.

Respectfully submitted,

PATTY DELOREAN
By her attorney,

/s/ Kevin B. Callanan

_____
Kevin B. Callanan, BBO #070620
Law Office of Kevin B. Callanan
17 Accord Park Drive – Suite 101
Norwell, Massachusetts 02061
Dated:  March 9, 2006           781-878-1604

2

## LOCAL RULE 7.1 CERTIFICATION

I certify that on March 8, 2006, counsel for the Defendant, Kathryn M. Murphy, and I conferred in good faith by telephone to resolve or narrow the issues presented by this motion.  We were unable to do so.

/s/ Kevin B. Callanan

_____
Kevin B. Callanan (BBO #070620)


## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing, on March 9, 2006, and that there are no non-registered participants.

/s/ Kevin B. Callanan

_____
Kevin B. Callanan (BBO #070620)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

PATTY DELOREAN,
          Plaintiff,

v.                                   Civil Action No. 05-11332-NMG

SOUTH SHORE YMCA, INC.,
          Defendant.
_____/

### AFFIDAVIT OF ATTORNEY KEVIN B. CALLANAN

I, Kevin B. Callanan, counsel of record for the Plaintiff, state as follows:

1.      In June 2005, the Plaintiff, Patty DeLorean ("Plaintiff") relocated from Massachusetts to Vero Beach, Florida to pursue new employment.

2.      In November 2005, the parties exchanged Automatic Required Disclosures pursuant to Local Rule 26.2 (A) and FRCP 26(a)(1).

3.      Following a Scheduling Conference on November 17, 2005, a Scheduling Order issued providing for discovery to be completed by March 9, 2006.

4.      In  December 2005, the parties exchanged Interrogatories and Requests For Production Of Documents and Defendant noticed the Plaintiff's deposition.

5.      On January 6, 2006, undersigned counsel learned that on November 17, 2005, the Plaintiff was arrested in Vero Beach, Florida on a federal charge of making false statements in a passport application.

1

6.      On February 14, 2006, following extradition to Los Angeles,

California, the Plaintiff pleaded guilty to the charge in U.S. District Court, Los

Angeles, Docket No. CR-05-1141-RMT.

7.      Plaintiff is presently being held in the Federal Detention Center in

Los Angeles awaiting sentencing.

8.      Plaintiff's public defender states that the Sentencing Guidelines call

for 2 to 8 months of confinement in this case and he has requested an early

sentencing date.

9.      Since learning of Plaintiff's confinement, undersigned counsel has

been unable to communicate with the Plaintiff except by letter.

10.     In January 2006, counsel for both parties agreed to suspend

discovery for the time being in view of the Plaintiff's circumstances.

11.     Undersigned counsel anticipates that Plaintiff will be released on

time-served within the next 90 days.

Signed under the penalties of perjury on this 8th day of March 2006.

_____
Kevin B. Callanan