UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11332 NMG

PATTY DELOREAN,
    Plaintiff,

v.

SOUTH SHORE Y.M.C.A., INC.,
    Defendant,

And

SOUTH SHORE Y.M.C.A., INC.,
    Plaintiff in Counterclaim,

v.

PATTY DELOREAN,
    Defendant in Counterclaim.

JOINT MOTION
TO CANCEL THE SCHEDULED MEDIATION CONFERENCE
AND TO SCHEDULE A STATUS CONFERENCE

Pursuant to F.R. Civ. P. 7(b), Plaintiff and Defendant in Counterclaim Patty Delorean ("Plaintiff") and Defendant and Plaintiff in Counterclaim South Shore YMCA, Inc. ("Defendant") jointly respectfully request that this Court cancel the mediation conference scheduled and schedule a status conference in accordance with Local Rule 16.3 to address the Plaintiff's unavailability.

As grounds for this motion, the parties state the following:

1. Plaintiff filed her Complaint in this Court on June 24, 2004.

1

2. The parties exchanged automatic required disclosures and written requests for discovery.

3. Defendant noticed Plaintiff's deposition for January 10, 2006.

4. Plaintiff was unable to attend her deposition because Plaintiff was at the time incarcerated in federal prison.  *See* Plaintiff's Motion to Modify Scheduling Order, March 8, 2006 Affidavit of Attorney Kevin B. Callanan, attached hereto behind Tab 1 at 7 ("Plaintiff is presently being held in the Federal Detention Center in Los Angeles awaiting sentencing.").

5. On or about March 8, 2006, Plaintiff moved to modify the Scheduling Order to extend the deadline for discovery to June 9, 2006.  *See* Tab 1.

6. That motion to extend the discovery period was granted by Order of Judge Nathaniel M. Gorton, extending the discovery period to August 9, 2006.

7. On about July 14, 2006, a Judgment and Probation/Commitment Order was entered in the U.S. District Court for the Central District of California ordering, in part, that Patricia Bindley McLean (a/k/a in relevant part, Patricia Delorean) be surrendered to a duly authorized immigration official for deportation and, if ordered deported, she "shall remain outside of the United States."  *See* Second Amended Judgment and Probation/Commitment Order, a copy of which was obtained from the clerk of the U.S. District Court, Central District of California and is attached hereto behind Tab 2 at Page 2.

8. On or about August 14, 2006, Plaintiff was deported to Australia and will remain outside of the United States for an indefinite period.

9. Accordingly, Plaintiff will not be available for the mediation conference scheduled for October 30, 2006.

WHEREFORE, because mediation cannot effectively take place without Plaintiff's presence and because Plaintiff is unavailable to participate in mediation, the parties move to cancel the mediation conference scheduled for October 30, 2006.

WHEREFORE, because Plaintiff is unavailable to be deposed or for trial, the parties move to schedule a status conference in this matter, in accordance with Local Rule 16.3 to address Plaintiff's continued unavailability.

Respectfully submitted,

| PLAINTIFF, | DEFENDANT, |
|---|---|
| PATTY DELOREAN, | SOUTH SHORE Y.M.C.A., INC., |
| By her Attorney, | By its Attorneys, |
| /s/ Kevin B. Callanan | /s/ Kathryn Martin |
| Kevin B. Callanan, BBO#070620 | Kathryn Murphy, BBO#564789 |
| LAW OFFICE OF KEVIN B. CALLANAN | Kathryn Martin, BBO#660345 |
| 17 Accord Park Drive, Suite 101 | MURPHY, HESSE, TOOMEY & |
| Norwell, MA 02061 | LEHANE, LLP |
| (781) 878-1604 | World Trade Center East |
|  | Two Seaport Lane |
|  | Boston, MA 02210 |
|  | (617) 479-5000 |

Dated: October 26, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

PATTY DELOREAN,
        Plaintiff,

v.                              Civil Action No. 05-11332-NMG

SOUTH SHORE YMCA, INC.,
        Defendant.
_____/

### PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiff, Patty DeLorean ("Plaintiff"), respectfully moves that the Court modify its Scheduling Order by enlarging by 90 days the time allowed to complete discovery. As grounds, Plaintiff states as follows:

    1. The Scheduling Order provides that discovery be completed by March 9, 2006, unless shortened or enlarged by Order of the Court.

    2. The parties have exchanged automatic required disclosures and written requests for discovery. In addition, the Defendant has noticed the deposition of the Plaintiff.

    3. As set forth in the attached Affidavit of Attorney Kevin B. Callanan, on November 17, 2005, the Plaintiff was arrested in Florida and has been held in federal custody in California since then. Plaintiff's counsel first learned of the Plaintiff's arrest and confinement on January 6, 2006.

    4. In January 2006, counsel for both parties agreed to suspend discovery for the time being in view of the Plaintiff's circumstances.

5. On February 14, 2006, the Plaintiff pleaded guilty in U.S. District Court, Los Angeles, California to one count of making a false statement in a passport application. (Docket No. CR-05-1141-RMT)

6. Plaintiff is presently being held in the Federal Detention Center in Los Angeles awaiting sentencing and anticipates being released on time-served within the next 90 days.

7. Upon her release, the Plaintiff will complete her responses to written discovery and will be available for deposition.

8. Plaintiff submits that this request for an additional time to complete discovery will not prejudice the Defendant in this matter. No previous request has been made to modify the Scheduling Order.

For these reasons, the Plaintiff moves that the Court extend the deadline for completing discovery to June 9, 2006. If this motion is granted, Plaintiff respectfully requests: that the referral to mediation take place in July 2006; that the date for dispositive motions, including motions for summary judgment, be extended to August 9, 2006; and that a final pretrial conference and trial date be scheduled thereafter at the convenience of the Court.

    Respectfully submitted,

    PATTY DELOREAN
    By her attorney,

    /s/ Kevin B. Callanan
    _____
    Kevin B. Callanan, BBO #070620
    Law Office of Kevin B. Callanan
    17 Accord Park Drive – Suite 101
    Norwell, Massachusetts 02061

Dated: March 9, 2006    781-878-1604

2

LOCAL RULE 7.1 CERTIFICATION

I certify that on March 8, 2006, counsel for the Defendant, Kathryn M. Murphy, and I conferred in good faith by telephone to resolve or narrow the issues presented by this motion.  We were unable to do so.

/s/ Kevin B. Callanan

_____

Kevin B. Callanan (BBO #070620)

CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing, on March 9, 2006, and that there are no non-registered participants.

/s/ Kevin B. Callanan

_____

Kevin B. Callanan (BBO #070620)

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
_____

PATTY DELOREAN,
        Plaintiff,

v.                                      Civil Action No. 05-11332-NMG

SOUTH SHORE YMCA, INC.,
        Defendant.
_____/

## AFFIDAVIT OF ATTORNEY KEVIN B. CALLANAN

I, Kevin B. Callanan, counsel of record for the Plaintiff, state as follows:

1.     In June 2005, the Plaintiff, Patty DeLorean ("Plaintiff") relocated from Massachusetts to Vero Beach, Florida to pursue new employment.

2.     In November 2005, the parties exchanged Automatic Required Disclosures pursuant to Local Rule 26.2 (A) and FRCP 26(a)(1).

3.     Following a Scheduling Conference on November 17, 2005, a Scheduling Order issued providing for discovery to be completed by March 9, 2006.

4.     In December 2005, the parties exchanged Interrogatories and Requests For Production Of Documents and Defendant noticed the Plaintiff's deposition.

5.     On January 6, 2006, undersigned counsel learned that on November 17, 2005, the Plaintiff was arrested in Vero Beach, Florida on a federal charge of making false statements in a passport application.

1

6. On February 14, 2006, following extradition to Los Angeles, California, the Plaintiff pleaded guilty to the charge in U.S. District Court, Los Angeles, Docket No. CR-05-1141-RMT.

7. Plaintiff is presently being held in the Federal Detention Center in Los Angeles awaiting sentencing.

8. Plaintiff's public defender states that the Sentencing Guidelines call for 2 to 8 months of confinement in this case and he has requested an early sentencing date.

9. Since learning of Plaintiff's confinement, undersigned counsel has been unable to communicate with the Plaintiff except by letter.

10. In January 2006, counsel for both parties agreed to suspend discovery for the time being in view of the Plaintiff's circumstances.

11. Undersigned counsel anticipates that Plaintiff will be released on time-served within the next 90 days.

Signed under the penalties of perjury on this 8th day of March 2006.

_____
Kevin B. Callanan

3

2nd Am. Case 1:05-cv-11332-NMG Document 19-4 Filed 10/26/2006 Page 1 of 7
Case 2:06-cr-01141-RMT Document 55 Filed 06/29/2006 Page 1 of 7
p-SEND

# United States District Court
## Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | **CR 05-01141-RMT** |
|---|---|---|

| Defendant | Patricia Bindley McLean (Custody) | Social Security No. 8 7 2 4 |
|---|---|---|
| akas: | See Page 1a | (Last 4 digits) |

SCANNED

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 05 | 22 | 06 |

| COUNSEL | ☒ WITH COUNSEL | Rick Goldman, DFPD |
|---|---|---|
| | | (Name of Counsel) |

| PLEA | ☒ GUILTY, and the court being satisfied that there is a factual basis for the plea. ☐ NOLO CONTENDERE ☐ NOT GUILTY |
|---|---|

| FINDING | There being a finding/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of: **False Statement in Passport Application, in violation of 18 U.S.C. 1542, as charged in Count 1 of the Indictment.** |
|---|---|
| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: |

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Patricia Bindley McLean, is hereby committed on Count 1 of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term TIME SERVED.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer;

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency/alcohol dependency/psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

ENTERED
CLERK, U.S. DISTRICT COURT
JUL 1 4 2006
CENTRAL DISTRICT OF CALIFOR
BY _____ DEP

(55)

Patricia Bindley McLean (1)
*also known as*
Patricia Bindley Mohre (1)
*also known as*
Patricia Dacud (1)
*also known as*
Patricia Bindley (1)
*also known as*
Patricia McCann (1)
*also known as*
Patricia Randas (1)
*also known as*
Patricia Ramous (1)
*also known as*
Patricia Beatrice Mohre (1)
*also known as*
Patricia Bea Mohre (1)
*also known as*
Patricia Turner Mohre (1)
*also known as*
Patricia DeLorean (1)

SCANNED

1a

Case 1:05-cv-11332-NMG   Document 19-4   Filed 10/26/2006   Page 3 of 7
Case 2:05-cr-01141-RMT   Document 55   Filed 06/29/2006   Page 3 of 7

CR 05-1141 RMT:   UNITED STATES OF AMERICA   V   PATRICIA BINDLEY MCLEAN   DATE: May 22, 2006

6. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at: United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012;

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any manner, any name other than her true legal name; and

8. The defendant shall cooperate in the collection of a DNA sample from the defendant.

As a condition of supervised release, upon completion of her term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 USC 1101-1524. As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States.

Defendant shall cooperate with the United States immigration authorities by responding truthfully and completely to their inquiries

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

6-29-06
Date

SR. U.S. District Judge ROBERT M. TAKASUGI

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

6-29-06
Filed Date

By   Heidi M. Hricko
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                                          Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

---

Clerk, U.S. District Court

_____        By _____        SCANNED
Filed Date                                              Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____        _____
        Defendant                                                                Date


_____        _____
U. S. Probation Officer/Designated Witness                        Date

# NOTICE PARTY SERVICE LIST

Case No. **CR 05-01141-RMT** Case Title **U.S.A. v. Patricia Bindley McClean aka Patricia Bindley Mohre**

Title of Document **JUDGMENT AND PROBATION/COMMITMENT ORDER**

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division -S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| X | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | X | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service - Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | X | US Probation Office (USPO) |
| | Chief Deputy Adm | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |
| | Clerk of Court | | |
| | Death Penalty H/ C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| X | Fiscal Section | | |
| | Intake Supervisor | | |
| | Interpreter Section | | |
| | PIA Clerk - Los Angles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| X | PSA - Los Angles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |
| | Stratton, Maria - Federal Public Defender | | |

**ADD NEW NOTICE PARTY**
(if sending by fax. mailing address must also be provided)

Name:
Firm:
Address:

*E-mail:
*Fax No.:

* for CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk ___hmh___

G-75  (06/04)         NOTICE PARTY SERVICE LIST