UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11332 NMG

PATTY DELOREAN,
    Plaintiff,

v.

SOUTH SHORE Y.M.C.A., INC.,
    Defendant,

And

SOUTH SHORE Y.M.C.A., INC.,
    Plaintiff in Counterclaim,

v.

PATTY DELOREAN,
    Defendant in Counterclaim.

**DEFENDANTS MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Pursuant to Fed. R. Civ. P. 41(b), Defendant/Plaintiff in Counterclaim South Shore YMCA, Inc. ("Defendant" or the "YMCA") respectfully requests that this Court dismiss Plaintiff/Defendant in Counterclaim Patty Delorean ("Plaintiff" or "Delorean")'s suit for failure to prosecute, failure to comply with orders of this Court, and failure to comply with the Federal Rules.

**I.    Background Facts**

Plaintiff filed this Complaint on about June 25, 2005. The Parties exchanged automatic disclosures and written requests for discovery. Defendant noticed Plaintiff's deposition for January 10, 2006.

Plaintiff was unable to attend her deposition on January 10, 2006, and since then has not appeared for deposition nor responded to any of Defendant's discovery requests. This Court's original discovery order called for discovery to end on March 9, 2006, and expert depositions to be completed by April 30, 2006.

To afford the Plaintiff an opportunity to appear for deposition and to participate in discovery, the Parties jointly moved to extend discovery deadlines until August 9, 2006, which motion was granted by this Court. The Plaintiff did not appear for deposition or otherwise participate in discovery up to and including August 9, 2006.

On January 8, 2007, this Court conducted a status conference in this matter. The Court ordered that Plaintiff make herself available for deposition by March 31, 2007, and that the Parties be ready for trial by June 30, 2007.

Plaintiff's deposition was again noticed, this time for March 2, 2007. Plaintiff did not appear for deposition on March 2, 2007, or thereafter. Further, Plaintiff has never responded to Defendant's written discovery.

## II.    Dismissal is Appropriate:  There Is No Appropriate Lesser Sanction

Pursuant to Fed. R. Civ. P. 41(b), on motion of the defendant, this Court is authorized to dismiss an action for failure of the Plaintiff to prosecute, to comply with the Federal Rules of Civil Procedure, or any order of the Court. Here, Plaintiff has been afforded repeated opportunities, for more than 18 months, to participate in discovery in the claim she has brought. The Plaintiff has failed to participate in even the most basic of discovery – her deposition. This failure has occurred despite the schedules and orders set forth by the Court. The Court has afforded Plaintiff multiple and ample opportunities to address any matters which impacted her ability to participate in discovery, yet Plaintiff

still has failed to comply with court-ordered deadlines, and has made no progress in prosecuting her claim.

Where a plaintiff fails to prosecute its claims, dismissal with prejudice, which operates as adjudication on the merits, is the appropriate sanction. "Disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). Further, the district courts have the inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed. R. Civ. P. 41(b). E.g., Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). Lack of diligent prosecution is such a reason. Id. at 630-31. While it is important to balance the policy of favoring disposition on the merits, with the authority of the court to prevent undue delay and prejudice, in this case, because of Plaintiff's utter failure to accomplish anything towards the prosecution of her case, and in light of the Court's patience in giving her multiple opportunities to do so, the balance seems firmly on the side of dismissal with prejudice. See Cintron-Lorenzo v. Departamento De Asuntos, 312 F.3d 522, 525-526 (1st Cir. 2002).

**CONCLUSION**

WHEREFORE, because Plaintiff has failed to prosecute her case, and to comply with multiple discovery deadlines, Defendant the YMCA respectfully requests this Court to DISMISS Plaintiff's Complaint WITH PREJUDICE.

        Respectfully submitted,

        DEFENDANT,

        SOUTH SHORE Y.M.C.A., INC.,

        By its Attorneys,

        /s/ Kathryn Murphy
        Kathryn Murphy, BBO#564789
        MURPHY, HESSE, TOOMEY & LEHANE, LLP
        World Trade Center East
        Two Seaport Lane
        Boston, MA 02210
        (617) 479-5000

Dated: July 10, 2007

**RULE 7.1 CERTIFICATION**

I, Kathryn M. Murphy, hereby certify that I have conferred with Plaintiff's counsel and have attempted in good faith to resolve or narrow the issue in the above-captioned matter and that the parties were unable to reach a resolution.

        /s/ Kathryn M. Murphy
        Kathryn M. Murphy

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on July 10, 2007

                                    /s/ Kathryn M. Murphy
                                    Kathryn M. Murphy